UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| OWL SHIPPING LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | C.A. NO. _____ |
| | § | Admiralty - Rule 9(h) |
| DALIAN SUNTIME INTERNATIONAL | § | |
| TRANSPORTATION CO., LTD. A/K/A | § | |
| DALIAN SUNTIME INT'L | § | |
| TRANSPORTATION CO., LTD. A/K/A | § | |
| DALIAN SUNTIME INTERNATIONAL | § | |
| TRANSPORTATION COMPANY, LTD. | § | |
| A/K/A DALIAN SUNTIME | § | |
| INTERNATIONAL TRANSPORTATION | § | |
| CO., LIMITED A/K/A DALIAN SUNTIME | § | |
| INTERNATIONAL TRANSPORTATION | § | |
| COMPANY, LIMITED | § | |
| | § | |
| Defendant. | § | |

## VERIFIED COMPLAINT

Plaintiff, OWL SHIPPING LLC ("Plaintiff" or "Owl"), by and through its attorneys,

Chaffe & McCall L.L.P., as and for its Verified Complaint against the Defendant, DALIAN

SUNTIME INTERNATIONAL TRANSPORTATION CO LTD. A/K/A DALIAN SUNTIME

INT'L TRANSPORTATION CO., LTD. A/K/A DALIAN SUNTIME INTERNATIONAL

TRANSPORTATION COMPANY, LTD. A/K/A DALIAN SUNTIME INTERNATIONAL

TRANSPORTATION CO., LIMITED A/K/A DALIAN SUNTIME INTERNATIONAL

TRANSPORTATION COMPANY, LIMITED ("Defendant" or "Dalian"), alleges, upon

information and belief, as follows:

## JURISDICTION AND VENUE

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333.

2.      Venue is proper in this district because there is or will be during the pendency of this action property due and owing to the Defendant within or moving through this district and in the hands of a third party garnishee, as will be more fully discussed herein.

## PARTIES

3.      At all material times to this action, Plaintiff was a foreign company duly organized and operating under Marshall Islands law and is the Owner of the M/V OWL ("Vessel").

4.      Defendant was and is a foreign corporation or other business entity organized and existing under foreign law with an office and place of business in China.

5.      The third party garnishee is the M/V INTER PRIDE, a motor vessel bearing IMO Number 9209491.

6.      It is believed that the M/V INTER PRIDE is or will be within or moving through this district during the pendency of the action and is believed to be currently under charter to Defendant Dalian.

7.      It is further believed that the M/V INTER PRIDE will be carrying bunkers, fuel, goods, chattels, credits, letters of credit, bills of lading, appurtenances, equipment, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$1,590,819.40,** belonging to, due or being transferred to, from, or for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as

may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of the M/V INTER PRIDE.

<u>FACTS</u>

**BREACH OF THE M/V OWL CHARTER PARTY**

8.      On June 18, 2014, Plaintiff, as owner, entered into time charter party ("Owl Charter") with riders with Defendant Dalian, who was the charterer of the Vessel.

9.      By way of this time charter party, Plaintiff Owl chartered the Vessel to the Defendant Dalian for a period of minimum 5 to 7 months at a daily hire rate of US $ 9,500.  A true and accurate copy of this time charter party is attached hereto as Exhibit A. (hereinafter referred to as "Ex. A").

10.      Defendant Dalian informed the master of the Vessel that the Vessel was fixed on a voyage sub-charter, but did not identify the sub-charterer or provide a copy of the sub-charter party.

11.      At Clause 7 of the Owl Charter, the parties agreed that Dalian would pay for all the bunkers while the Vessel was on hire, except as otherwise provided.  Ex. A, p.51.

12.      Clause 11 of the Owl Charter provides that first hire and value of bunkers on delivery shall be paid within 3 banking days after the vessel's delivery.  It further provides that where there is a failure to make timely and regular payment of hire and / or bunkers, charterers will be provided with 3 banking days by the owners to rectify the failure.  Finally, this clause provides that if the charterers fail to pay the amount owed within 3 banking days of their receipt of the owner's aforementioned notice, owners shall be entitled to withdraw the Vessel.  Ex. A at 54-55.

13.     Clause 23 of the Owl Charter provides that the Plaintiff shall have a lien upon all cargoes and sub-freights for any amounts due under this charter party.  Ex. A at 57.

14.     Finally, the charter party calls for London Arbitration for resolution of any disputes arising out of the contract.  Ex. A at p. 64.

15.     The Plaintiff delivered the Vessel to the Defendant on June 19, 2014, in accordance with the terms of the charter party.

16.     The Vessel immediately loaded a cargo of steel cargoes at Shanghai, China and was expected to load at two further Chinese ports, Changsu and Rizhao.

17.     Non-party, Eagle Shipping International (USA) LLC ("Eagle") was the manager of the Vessel at all material times.

18.     On June 19, 2014, Eagle, on behalf of Plaintiff Owl, sent an invoice in the amount of $496,032.25 to the Defendant Dalian by email pursuant to Clause 11 of the charter party.  This amount represented 15 days' hire and bunkers on delivery of the Vessel.

19.     Pursuant to Clause 11 of the Owl Charter, payment of this invoice was due on June 24, 2014, but no payment was made by the Defendant.

20.     On June 24, 2014, Eagle, on behalf of Plaintiff Owl, sent an anti-technicality notice pursuant to Clause 11(b) of the charter party and sent another on June 26, 2014.  These notices gave the Defendants three clear banking days to make payment, threatened to suspend performance and withdraw the Vessel in the event payment was not made.  The anti-technicality notices are attached hereto as Ex. B.

21.     To date, Defendant has failed to pay for the bunkers and hire, as invoiced and demanded in the two anti-technicality notices.

22.     Plaintiff was forced to terminate the Owl Charter and withdraw the Vessel on July 2, 2014 as a direct and proximate result of Defendant Dalian's breach of their obligation to pay hire and bunkers in accordance with the terms of the charter.

23.     Upon information and belief, the Defendant Dalian never possessed the money to perform on the Owl Charter dated June 18, 2014 when they fixed that charter with the Plaintiff.

24.     Plaintiff has suffered damages in the amount of US $ 1,330,000, which represents the total estimated earnings of the Vessel for the remainder of the charter party term less what Plaintiff was able to earn in mitigation.

## COUNT ONE: MARITIME ATTACHMENT

25.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 24, with the same force and effect as if set forth herein.

26.     The M/V INTER PRIDE is expected to arrive in Galveston, TX on or about August 23, 2014.

27.     Upon information and belief, Defendant Dalian is the charterer of the M/V INTER PRIDE with regard to the current voyage.

28.     As the charterer of the Vessel, it is believed that property of Dalian is currently on board the M/V INTER PRIDE in the form of bunkers, fuel, goods, chattels, credits, letters of credit, bills of lading, appurtenances, equipment, effects, debts and monies, tangible or intangible.

29.     The terms of the OWL Charter Party call for arbitration in London, England.

30.     As best as can now be estimated, Plaintiff expects to recover the following amounts in London Arbitration:

| | | |
|---|---|---|
| A. | Principal claim: | $1,141,402.07 |
| B. | Estimated interest on claims: 4.5%, compounded quarterly | $106,863.33 |
| C. | Estimated recoverable costs: (200,000 GBP) | $342,554.00 |
| **Total** | | **$1,590,819.40** |

31.     The Defendant Dalian cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District including but not limited to the MV INTER PRIDE, which include but are not limited to bunkers, fuel, goods, chattels, credits, letters of credit, bills of lading, appurtenances, equipment, effects, debts and monies, tangible or intangible.

32.     The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any property of the Defendant held on the M/V INTER PRIDE or by any garnishees within the District for the purpose of obtaining security for the imminent London Arbitration proceedings and obtaining personal jurisdiction over Defendant Dalian.

33.     All conditions precedent have been performed.

34.     All and singular, the premises of this Verified Complaint are true and correct and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

**WHEREFORE**, Plaintiff prays:

A.      That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint, failing which default judgment be entered against it in the sum of  **$1,590,819.40.**

B.      That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all bunkers, fuel, goods, chattels, credits, letters of credit, bills of lading, appurtenances, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$1,590,819.40** belonging to, due or being transferred to, from, or for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of the M/V INTER PRIDE or any banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Verified Complaint;

C.      That pursuant to 9 U.S.C. §§201 et seq. this Court recognize and confirm any arbitration award or judgment in Plaintiff's favor against the Defendant as a judgment of this Court;

D.      That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

E.      That the Plaintiff have such other, further and different relief as the Court deems just, proper and equitable.

Respectfully submitted,

 /s/ Kevin P. Walters
Kevin P. Walters
Texas State Bar No. 20818000
Federal I.D. No. 5649
Eugene W. Barr
Texas State Bar No. 24059425
Federal I.D. No. 1144784
801 Travis Street, Suite 1910
Houston, Texas 77002
Telephone:  713-546-9800
Facsimile:  713-546-9806

ATTORNEYS FOR PLAINTIFF,
OWL SHIPPING LLC

OF COUNSEL:
CHAFFE McCALL, L.L.P.

| | | | |
|---|---|---|---|
| OWL SHIPPING LLC, | § | | |
| | § | | |
| Plaintiff, | § | | |
| | § | | |
| VS. | § | C.A. NO. _____ | |
| | § | Admiralty - Rule 9(h) | |
| DALIAN SUNTIME INTERNATIONAL | § | | |
| TRANSPORTATION CO., LTD. A/K/A | § | | |
| DALIAN SUNTIME INT'L | § | | |
| TRANSPORTATION CO., LTD. A/K/A | § | | |
| DALIAN SUNTIME INTERNATIONAL | § | | |
| TRANSPORTATION COMPANY, LTD. | § | | |
| A/K/A DALIAN SUNTIME | § | | |
| INTERNATIONAL TRANSPORTATION | § | | |
| CO., LIMITED A/K/A DALIAN SUNTIME | § | | |
| INTERNATIONAL TRANSPORTATION | § | | |
| COMPANY, LIMITED | § | | |
| | § | | |
| Defendant. | § | | |

## **VERIFICATION**

| | |
|---|---|
| State of Texas | § |
| | § |
| County of Harris | § |

1.   My name is Kevin P. Walters.

2.   I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3.   I am a partner in the firm of Chaffe & McCall L.L.P., attorneys for the Plaintiff.

4.   I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5.   The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6.   The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7.   I am authorized to make this Verification on behalf of the Plaintiff.

_____
Kevin P. Walters


SUBSCRIBED AND SWORN to before me on August 21, 2014.



_____
Notary Public, State of Texas