UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| OWL SHIPPING LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | C.A. NO. ___3:14-cv-270___ |
| | § | Admiralty - Rule 9(h) |
| DALIAN SUNTIME INTERNATIONAL | § | |
| TRANSPORTATION CO., LTD. A/K/A | § | |
| DALIAN SUNTIME INT'L | § | |
| TRANSPORTATION CO., LTD. A/K/A | § | |
| DALIAN SUNTIME INTERNATIONAL | § | |
| TRANSPORTATION COMPANY, LTD. | § | |
| A/K/A DALIAN SUNTIME | § | |
| INTERNATIONAL TRANSPORTATION | § | |
| CO., LIMITED A/K/A DALIAN SUNTIME | § | |
| INTERNATIONAL TRANSPORTATION | § | |
| COMPANY, LIMITED | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
APPLICATION FOR ISSUANCE OF A WRIT OF MARITIME ATTACHMENT**

Plaintiff, Owl Shipping LLC, through its attorneys, Chaffe & McCall L.L.P., submits this Memorandum of Law in Support of Plaintiff's Application for Issuance of a Writ of Maritime Attachment. Plaintiff Owl Shipping LLC ("Owl" or "Plaintiff") has satisfied all of the requirements necessary to obtain a maritime attachment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims.

There are two purposes underlying maritime attachments. First, attachment provides a means to assure satisfaction if a suit is successful. The second purpose is "to insure a defendant's appearance in an action, an aspect of attachment inextricably linked to a plaintiff's substantive right to recover." *Aurora Maritime Co. v. Abdullah Mohamed Fahem & Co*., 85 F.3d 44, 48 (2d Cir. 1996).

Under Supplemental Rule B, "an order of maritime attachment must issue upon a minimal prima facie showing," that the defendant cannot be "found within" the federal district in which the assets are to be attached.   *DS Bulk Pte. Ltd. v. Calder Seacarrier Corp.*, 05 Civ. 10146 (SHS), 2006 U.S. Dist. LEXIS 39242, at *3 (S.D.N.Y. June 13, 2006)(citing Fed. R. Civ. P. Supp. R. B advisory committee's 1985 note ("The . . . order will issue when the plaintiff makes a prima facie showing that he has a maritime claim against the defendant in the amount sued for and the defendant is not present in the district.")). To obtain an order of attachment, "the plaintiff or the plaintiff's attorney must sign and file with the complaint an affidavit stating that, to the affiant's knowledge, or on information and belief, the defendant cannot be found within the district." Fed. R. Civ. P. Supp. R. B(1)(b).

The Supplemental Admiralty Rules governing maritime attachment are not intended to resolve the dispute between the parties at the attachment stage, rather only the technical requirements of the Rule need to be met.   *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 447 (2d Cir. 2006)(overruled on other grounds).

Courts consistently note the same four requirements for a Rule B claim. The Plaintiff must show that:

1)      it has a valid *prima facie* admiralty claim against the defendant;

2)      the defendant cannot be found within the district;

3)      the defendant's property may be found within the district; and

4)      there is no statutory or maritime law bar to the attachment.

*Ash v. Royal Caribbean Cruises Ltd.*, No. 13-20619, 2014 U.S. Dist. LEXIS 75387, at * 10-11 (S.D. Fla. June 3, 2014)(Goodman, U.S.M.J.)(citing *Williamson v. Recovery Ltd. P'ship*, 542 F.3d 43, 51 (2d Cir. 2008)).

As to the first requirement, it is well established that charter parties are maritime contracts which courts sitting in admiralty can enforce. *Armour & Co. v. Fort Morgan S.S. Co.*, 270 U.S. 253, 259 (1926); *J. B. Effenson Co. v. Three Bays Corp.*, 238 F.2d 611, 615 (5th Cir. 1956) ("a charter party is a maritime contract and that as between the parties to it the Federal District Courts sitting in admiralty have jurisdiction to determine obligations arising from it."). It is well settled that cases involving marine contracts give rise to admiralty jurisdiction. *St. Paul Fire & Marine Ins. Co. v. Lago Canyon, Inc.*, 561 F.3d 1181, 1184 (11th Cir. 2009) (citing *Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14, 23 (2004)).   In this case, the breach of the Owl Charter Party dated June 18, 2014 by Defendant Dalian gives rise to a maritime claim.

The Affidavit of Kevin P. Walters and the Verified Complaint establish the second and third requirements necessary to obtain a Rule B attachment.  The Defendant, or its agent(s) cannot be "found" within this judicial district.  As to the third requirement, property due and owing to the Defendant in the form of bunkers, fuel, goods, chattels, credits, letters of credit, bills of lading, appurtenances, equipment, effects, debts and monies, tangible or intangible, or any other funds is believed to be held on board the Motor Vessel INTER PRIDE, which is or will be within this judicial district during the pendency of this action, on or about August 23, 2014. There are no statutory or maritime law bars to this attachment.

The court will not engage in a fact intensive inquiry regarding the technical requirements of Rule B at the attachment stage.  *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 447 (2d Cir. 2006).  A defendant does not have the opportunity to challenge the sufficiency of the plaintiff's pleadings or challenge the evidence supporting plaintiff's admiralty claim at the attachment stage or at a post-attachment motion to vacate.  A defendant may, if it wishes, raise such issues by way of a Rule 12(b)(6) motion to dismiss or Rule 56 motion for summary

judgment but it may not do so in the context of an emergency hearing pursuant to Supplemental Rule E(4)(f).   *Maersk, Inc. v. Neewra, Inc.*, 2006 U.S. Dist. LEXIS 53395 (S.D.N.Y. 2006) (refusing to apply the higher pleading standard used in a motion to dismiss in a post-attachment hearing "lest Rule 12(b)(6) be completely subsumed by Supplemental Rule E(4)(f)").

## <u>CONCLUSION</u>

Plaintiff has alleged a prima facie maritime claim for breach of a charter party. Defendant cannot be found within the district within the meaning of Supplemental Admiralty Rule B.  Defendant's property can be found in the hands of the third party garnishee the M/V INTER PRIDE, a motor vessel which is or will be within this district during the pendency of this action.  Without an order of maritime attachment from this Court, Plaintiff will lose its chance of obtaining security for its claim against the Defendant.

Respectfully submitted,

 /s/ Kevin P. Walters
Kevin P. Walters
Texas State Bar No. 20818000
Federal I.D. No. 5649
Eugene W. Barr
Texas State Bar No. 24059425
Federal I.D. No. 1144784
801 Travis Street, Suite 1910
Houston, Texas 77002
Telephone:  713-546-9800
Facsimile:  713-546-9806

ATTORNEYS FOR PLAINTIFF,
OWL SHIPPING LLC

OF COUNSEL:
CHAFFE McCALL, L.L.P.