IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OWL SHIPPING LLC | § | |
|     Plaintiff | § | |
| | § | |
| VS. | § | C.A. NO. 3:14-cv-00270 |
| | § | Admiralty - Rule 9(h) |
| DALIAN SUNTIME INTERNATIONAL | § | |
| TRANSPORTATION CO., LTD. A/K/A | § | |
| DALIAN SUNTIME INT'L | § | |
| TRANSPORTATION CO. LTD. A/K/A | § | |
| DALIAN SUNTIME INTERNATIONAL | § | |
| TRANSPORTATION COMPANY, LTD. | § | |
| A/K/A DALIAN SUNTIME | § | |
| INTERNATIONAL TRANSPORTATION | § | |
| COMPANY LIMITED | § | |
|     Defendants | § | |

## GARNISHEE'S REQUEST FOR EMERGENCY HEARING

TO THE HONORABLE EWING WERLEIN, JR.:

Named Garnishee M/V INTER PRIDE, through its registered owner, Inter Merchant Marine

Co. Ltd., subject to the provisions and limitations of Rule E(8) of the Supplemental Rules For

Certain Admiralty and Maritime Claims, respectfully asks this Court for a prompt hearing, in the

nature of a hearing under Supplemental Admiralty Rule E(4)(f), so that Plaintiff Owl Shipping LLC

can be put to its burden to establish that there is personal property of the above named Defendant

located on the M/V INTER PRIDE that is subject to attachment. *Icon Amazing, L.L.C. v. Amazing*

*Shipping*, Ltd., 951 F.Supp.2d 909, 915 (S.D. Tex. 2013)(Plaintiff has burden to establish the right

to attachment by showing (1) a valid *prima facie* admiralty claim against the Defendant, (2) the

Defendant cannot be found within the district, (3) the Defendant's property is within the district, and

(4) there is no legal bar to the attachment-- either statutory or maritime in nature).

Garnishee thinks that the claimed personal property of Dalian that Owl Shipping seeks to attach is any bunkers owned by Defendant Dalian located on the ship, although other property of a very generalized nature is named in the Summons.[1]  It is vessel owner's position that there are no bunkers on the ship that belong to Dalian.  The bunkers that were on the ship when the vessel owner delivered the ship to its time charterer Dalian were to be replenished at the end of the voyage.  This will not happen, because the Dalian is in breach of the time charter, owes the vessel owner a significant sum of money, is no longer performing under the charter, and will not be replenishing the bunkers.  Further, the bunkers that Dalian purchased at the load port were placed into segregated tanks and have been burned.  Garnishee has provided Plaintiff Owl Shipping with information to support its position, and requested an answer from Owl Shipping as to whether Owl Shipping will agree to not pursue process of attachment against the ship, but no response has been received to date.[2]  Further, Garnishee requested to be told what other Dalian personal property Owl Shipping thinks is on the ship.  No response has been received.  Consequently, this hearing is being requested because Plaintiff Owl Shipping has not provided Garnishee with a basis for an attachment, despite multiple requests, and because Owl Shipping's failure to act is costing the vessel owner money on a daily basis which the ship continues to sit at anchorage.  Why?  Because the Port of Houston has a hold on the ship until there is no process of attachment in the hands of the U.S. Marshal that will get served on the ship when she comes in to deliver the cargo on board, which she must do by law.

*Cardinal Shipping Corp. v. M/V SEISHO MARU*, 744 F.2d  461, 468 (5th Cir. 1984).

---

[1]     *See* Dkt. No. 5.   The Marshal is being directed to attach bunkers, fuel, goods, chattels, credits, freights, sub-freights, appurtenances, equipment and effects.

[2]     *See* the correspondence and documents attached as Ex.A.

Intervenor Texas Terminals LP, and Intervenors Scorpio Ultramax Pool Ltd. And SBI Chartering and Trading Ltd., will not be pursuing process of attachment against the ship.[3]  The only impediment to the ship being allowed into the Port of Houston is Owl Shipping's pending process of attachment.  Owners continue to incur significant expenses and losses on a daily basis to have the ship sit at anchorage, so it is imperative that the Court intervene so that the ship can get moving.  Dalian currently owes the vessel owner in excess of $2,356,185.97,[4] which sum is increasing daily.  Because there are cargoes on the ship bound for Houston and then Louisiana, Garnishee, by law, has to take over the voyage and deliver the cargoes. *Cardinal Shipping*, 744 F.2d at 468.

WHEREFORE, PREMISES CONSIDERED, Garnishee Inter Merchant Marine Co. Ltd. respectfully requests that this Court set a hearing on the matters referenced herein as soon as possible, so that the vessel owner can stop incurring unnecessary expenses on a daily basis.

Respectfully submitted,


By:   */s/ Richard L. Gorman*
Richard L. Gorman
State Bar No. 00784155
Fed. I.D. 15685
12335 Kingsride Lane #354
Houston, Texas 77024
Telephone: (832) 725-4026
Email: rg@richardgormanlaw.com
Attorney-in-Charge for Garnishee Inter Merchant Marine Co. Ltd.

OF COUNSEL:

RICHARD GORMAN LAW

---

[3]      *See* Exs. B and C attached.

[4]      See Ex. D.

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 24th day of September, 2014, a true and correct copy of this filing served on all counsel of record by notice of electronic filing and email.


*/s/ Richard L. Gorman*
Of Richard Gorman Law


01842/Request for Emergency Hearing.09-24-14