IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OWL SHIPPING LLC | § | |
|     Plaintiff | § | |
| | § | |
| VS. | § | C.A. NO. 3:14-cv-00270 |
| | § | Admiralty - Rule 9(h) |
| DALIAN SUNTIME INTERNATIONAL | § | |
| TRANSPORTATION CO., LTD. A/K/A | § | |
| DALIAN SUNTIME INT'L | § | |
| TRANSPORTATION CO. LTD. A/K/A | § | |
| DALIAN SUNTIME INTERNATIONAL | § | |
| TRANSPORTATION COMPANY, LTD. | § | |
| A/K/A DALIAN SUNTIME | § | |
| INTERNATIONAL TRANSPORTATION | § | |
| COMPANY LIMITED | § | |
|     Defendants | § | |

**INTER MERCHANT MARINE CO. LTD.'S
VERIFIED COMPLAINT IN INTERVENTION**

TO THE HONORABLE EWING WERLEIN, JR.:

COMES NOW Plaintiff in Intervention, Inter Merchant Marine Co. Ltd. ("IMMCL")[1], and files this Original Verified Complaint against Defendant Dalian Suntime International Transportation Co., Ltd. a/k/a Dalian Suntime Int'l Transportation Co., Ltd. a/k/a Dalian Suntime International Transportation Company, Ltd. a/k/a Dalian Suntime International Transportation Company Limited a/k/a Dalian Suntime Int'l Transportation Co. AS, Limited ("Dalian"), and respectfully would show:

---

[1] This Complaint is being filed primarily to preserve IMMCL's lien priority rights, as against the attaching creditors that have brought claims in the lawsuit. By filing this Complaint, IMMCL is not waiving any right it has to arbitrate with Dalian Suntime International Transportation Co., Ltd., or any right and remedies that IMMCL has or may have in any arbitration.

I.

**JURISDICTION AND VENUE**

This Court has admiralty jurisdiction under 28 U.S.C. § 1333, and Rule B of the Supplemental Rules for Certain Admiralty & Maritime Claims. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

Venue is proper under 28 U.S.C. § 1391(b) because, upon information and belief, Dalian has, or will soon have, personal property within this District that may be attached pursuant to Rule B, in the form of freight, sub-freight, hire or sub-hire pertaining to the cargoes being carried on the M/V INTER PRIDE, and/or other personal property.

II.

**PARTIES**

IMMCL is the registered owner of the M/V INTER PRIDE. It is a foreign business entity with offices at 13th Floor, Iljin Building, 50-1, Dohwa-dong, Mapo-gu, Seoul, 121-716, South Korea.

Dalian is a foreign business entity with its offices at Room 4F, No. 349, Changchun Road, Wigang District, Dalian City, Liaoning Province, China. Dalian cannot be found within the District within the meaning of Supplemental Admiralty Rule B, but, upon information and belief, has or will soon have personal property in the District.

III.

**FACTUAL BACKGROUND**

On June 18, 2014, IMMCL entered into a time charter with Dalian. A full and complete copy of the time charter is attached as Ex. 1. Under Clause 18 of the time charter, IMMCL has a lien "upon all cargoes, and all sub-freights/sub-hires for any amounts due under this Charter...." Dalian

paid IMMCL charter hire initially,[2] but stopped paying hire and other expenses owing and due after its partial hire payment made on August 27, 2014. IMMCL claims that Dalian currently owes it $1,408,940.34,[3] and that these are sums due to IMMCL under the time charter for purposes of clause 18. This sum continues to increase daily. Due to Dalian's material breaches of the time charter, including its failure to pay hire, IMMCL has had to take over the voyage on an involuntary basis, as mandated by law. *See Cardinal Shipping Corp. v. M/S SEISHO MARU*, 744 F.2d 461, 468 (5th Cir. 1984). This legal requirement has placed IMMCL in the incredibly difficult, and financially uncomfortable position of potentially having to incur additional significant expense on a voyage where the owner has already lost millions, and for which there is no remuneration forthcoming from Dalian.[4]

IMMCL seeks to assert its lien rights as to any personal property of Dalian attached by any party to this lawsuit, and otherwise attach Dalian's personal property in the District. Dalian claims it has a lien in the amount of $1,408,940.95, which lien is increasing.

---

[2] Dalian made three payments: an initial full payment on July 7, 2014, a second partial payment on August 26, 2014, and a third partial payment on August 27, 2014. Dalian has made no further payments to IMMCL. *See* Ex. 2.

[3] *See* Ex. 2. The total shown on Ex. 2 is $1,376,547.95, but that was the total due as of September 22, 2014. Additional expenses have accrued since then.

[4] Note well that IMMCL may have to seek relief from this Court in the form of a declaratory judgment or otherwise about the various costs and obligations required to get the cargoes on the ship discharged, and what entity should be responsible for what. IMMCL is trying to work this out with the Cargo interests on a voluntary basis. If the issue cannot be worked out voluntarily, then IMMCL intends to seek relief from this Court.

## IV.

## **RULE B RELIEF**

IMMCL agrees with the other claimants that Rule B relief is available, for the following reasons:

1. The requirements of Rule B are met. IMMCL has a valid maritime claim against Dalian for breach of the time charter party for the voyage at issue, which is a maritime contract.

2. Dalian cannot be found within the District (see Verification of Richard L. Gorman attached).

3. Dalian has or will soon have personal property in the District in the form of freights, sub-freights or sub-hire. There may be other property in the form of goods, chattels, credits and/or effects, as they may have other vessel coming to Houston that Dalian has chartered.

4. There is no statutory bar to recovery.

5. For purposes of obtaining personal jurisdiction over Dalian, IMMCL seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment, pursuant to Supplemental Admiralty Rule B, attaching any freights, sub-freights or sub-hire that may be found within the District that pertains to the cargoes being carried on the M/V INTER PRIDE that is owing to, controlled or otherwise in the possession of Dalian.[5]

---

[5] Once the Court grants IMMCL's motion to intervene, IMMCL will submit to the Court the necessary motion and order authorizing issuance of process, and for related relief, to the extent necessary.

## V.

## **LIEN PRIORITY**

As indicated above, IMMCL has a lien on all cargoes, sub-freights and sub-hires for any amounts due from Dalian to IMMCL under the time charter. *See Chembulk Trading LLC v. Chemtex Ltd.*, 393 F.3d 550, 554 (5th Cir. 2004). IMMCL has perfected its lien by sending lien notices to all of the entities that have an interest in the cargoes, based upon the bills of lading that were issued. *Id*. Notices were sent to all Shippers, consignees and notify parties listed on the bills of lading, which perfected IMMCL's lien on any sub-freights or sub-hire.

The current claimants in the lawsuit seek to attach the personal property of Dalian located in the district. IMMCL believes that the personal property being sought, at least in part, is freights and/or sub-freights upon which IMMCL has a lien, and thus has a priority position over the attaching creditors. *Id*. IMMCL asserts that it has a superior right to any sums the attachment creditors seeks, and by this pleading is placing the other Claimants on notice its lien.

WHEREFORE, PREMISES CONSIDERED, Plaintiff in Intervention IMMCL prays:

1. That process in due form of law according to the practice of this Court issue against Dalian, citing it to appear and answer the foregoing matters complained of;

2. That upon hearing before this Court, to the extent necessary, process in due form of law according to the rules of practice of this Court in admiralty and maritime matters issue to attach or seize Dalian's property, goods, chattel, credits, and/or effects located within the District;

3. That as soon as practicable following the attachment and/or seizure of Dalian's property, goods, chattel, credits and/or effects referenced herein, a further hearing be

      held by this Court to hear any objections Dalian may have to the attachments and/or seizures herein;

4.    That this Court give IMMCL due priority on its lien and that a judgment be entered in favor of IMMCL in the amount of its claims, and on its lien, plus interest, costs and reasonable attorney's fees; and

5.    That IMMCL have such other and further relief to which it may be entitled.

                                   Respectfully submitted,

                              By:   */s/ Richard L. Gorman*
                                   Richard L. Gorman
                                   State Bar No. 00784155
                                   Fed. I.D. 15685
                                   12335 Kingsride Lane #354
                                   Houston, Texas 77024
                                   Telephone: (832) 725-4026
                                   Email: rg@richardgormanlaw.com
                                   Attorney-in-Charge for Inter Merchant Marine Co. Ltd.

OF COUNSEL:

RICHARD GORMAN LAW

## **CERTIFICATE OF SERVICE**

  I certify that on the 2nd day of October, 2014, a true and correct copy of this filing served on all counsel of record by notice of electronic filing.


                */s/ Richard L. Gorman*
                Of Richard Gorman Law


01842/Complaint.10-02-14