IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| OWL SHIPPING LLC § | | |
|     Plaintiff § | | |
| § | | |
| VS. § | | C.A. NO. 3:14-cv-00270 |
| § | | Admiralty - Rule 9(h) |
| DALIAN SUNTIME INTERNATIONAL § | | |
| TRANSPORTATION CO., LTD. A/K/A § | | |
| DALIAN SUNTIME INT'L § | | |
| TRANSPORTATION CO. LTD. A/K/A § | | |
| DALIAN SUNTIME INTERNATIONAL § | | |
| TRANSPORTATION COMPANY, LTD. § | | |
| A/K/A DALIAN SUNTIME § | | |
| INTERNATIONAL TRANSPORTATION § | | |
| COMPANY LIMITED § | | |
|     Defendants § | | |

**INTER MERCHANT MARINE CO. LTD.'S
INTERPLEADER AND ORIGINAL COMPLAINT
AGAINST CERTAIN CARGO INTERESTS**

TO THE HONORABLE EWING WERLEIN, JR.:

COMES NOW Plaintiff Inter Merchant Marine Co. Ltd. ("IMMCL"), and files this Interpleader pursuant to Rule 22 of the Federal Rules of Civil Procedure, and its Original Complaint against TPCO Enterprise, Inc. (bs/l 12, 13, 14, 15, and 39), Minmetals, Inc. (bs/l 16-25 and 27), Ta Chen International, Inc. (bs/l 32 and 33), TeWoo USA, Inc. (b/l 37), Kurt Orban Partners LLC (b/l 38) and Scot Industries, Inc. (b/l 53)(collectively "the Houston Cargo Interests"), and respectfully would show:

**I.**

**JURISDICTION AND VENUE**

1.  This Court has admiralty jurisdiction under 28 U.S.C. §1332 and § 1333. The parties are diverse and the amount in controversy exceeds $75,000.00. Alternatively, this is an admiralty

and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Under these jurisdictional facts, interpleader under Rule 22 of the federal Rules of Civil Procedure is proper.

2.  Venue is proper under 28 U.S.C. § 1397 because one of the named Claimants, TPCO Enterprise, Inc. resides in Houston, Texas, and is within this judicial district. Further, the property at issue here, cargoes on the M/V INTER PRIDE, are to be discharged and delivered to the Port of Houston, which is within this judicial district.

## II.

## PARTIES

3.  IMMCL is the registered owner of the M/V INTER PRIDE. It is a foreign business entity with offices at 13th Floor, Iljin Building, 50-1, Dohwa-dong, Mapo-gu, Seoul, 121-716, South Korea.

4.  Defendant TPCO Enterprise Inc. ("TPCO") is a corporation organized and existing under the laws of the State of Texas, with its principal place of business at 10700 Richmond, Suite 302, Houston, Texas 77042-4900. TPCO may be served with process via service on its registered agent, Chi Chiu Lam 10700 Richmond, Suite 302, Houston, Texas 77042-4900.

5.  Defendant Minmetals, Inc. is a foreign corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at 1200 Harbor Blvd., 8th Floor, Weehawken, New Jersey 07086. Minmetals may be served with process via service on Daojing (Andrew) Liu, its Chairman, President, Chief Executive Officer, and its sales manager, George Spina, at 1200 Harbor Blvd., 8th Floor, Weehawken, New Jersey 07086.

6. Defendant Ta Chen International, Inc. is a foreign corporation organized and existing under the laws of the State of California, with its principal place of business at 5855 Obispo Ave., Long Beach, California 90805. Ta Chen International, Inc. may be served with process via service on its registered agent, James Chang 5855 Obispo Ave., Long Beach, California 90805.

7. Defendant TeWoo USA, Inc. is a foreign corporation organized and existing under the laws of the State of California, with its principal place of business at 116 Vermillion, Irvine, California 92603. TeWoo USA, Inc. may be served with process via service on its registered agent, Zhong Hou 116 Vermillion, Irvine, California 92603.

8. Defendant Kurt Orban Partners, LLC is a foreign limited liability company organized and existing under the laws of the State of California, with its principal place of business at 111 Anza Blvd., Suite 350, Burlingame, California 94010. Kurt Orban Partners, LLC may be served with process via service on its registered agent, Kurt M. Orban 111 Anza Blvd., Suite 350, Burlingame, California 94010.

9. Defendant Scot Industries, Inc. is a foreign limited liability company organized and existing under the laws of the State of Wisconsin, with its principal place of business at 3756 Farm Rd. 250, Lone Star, Texas 75668. Scot Industries, Inc. may be served with process via service on its registered agent, Michael T. Sambs 2277 North Street, P.O. Box 46, East Troy, Wisconsin 53120.

## III.

## FACTUAL BACKGROUND

10.     On June 18, 2014, IMMCL entered into a time charter with Defendant Dalian Suntime Int'l Transportation Co., Limited ("Dalian"). Dalian paid IMMCL charter hire initially,[1] but stopped paying hire and other expenses owing and due after its partial hire payment made on August 27, 2014. IMMCL claims that Dalian currently owes it $1,408,940.34.[2] This sum continues to increase daily. Due to Dalian's material breaches of the time charter, including its failure to pay hire, IMMCL has had to take over the voyage on an involuntary basis, as mandated by law. *See Cardinal Shipping Corp. v. M/S SEISHO MARU*, 744 F.2d 461, 468 (5th Cir. 1984). This legal requirement has placed IMMCL in the incredibly difficult, and financially uncomfortable position of potentially having to incur additional significant expense on a voyage where the owner has already lost millions, and for which there is no remuneration forthcoming from Dalian.

11.     Since taking over the voyage, it has come to the attention of IMMCL that more that one set of original bills of lading were issued by Dalian, through Dalian's agent, Tianjin Sun Transport Shipping Agency Co., Ltd. At the request of IMMCL, after the M/V INTER PRIDE departed the load port in Tianjin, China, Dalian provided IMMCL with what it told IMMCL were copies of **the** original bills of lading issued for the Houston cargoes.[3] These are all on a CONGEN

---

[1]     Dalian made three payments: an initial full payment on July 7, 2014, a second partial payment on August 26, 2014, and a third partial payment on August 27, 2014. Dalian has made no further payments to IMMCL. *See* Dkt. No. 16-3.

[2]     *See* Dkt. No.16-3. The total shown on Dkt. No. 16-3 is $1,376,547.95, but that was the total due as of September 22, 2014. Additional expenses have accrued since then.

[3]     *See* Ex. 1 attached.

form, and all bills of lading have the mate's receipt remarks on the front of the bills of lading, as is required by the time charter.[4] On October 10, 2014, Dalian filed its counterclaim seeking to interplead the original bills of lading for the subject cargoes into court. (Dkt. No. 20). By order dated that same day, this Court accepted those bills of lading into court. (Dkt. No. 21). Dalian filed a supplemental counterclaim on October 15, 2014, seeking to interplead an additional bill of lading into court. (Dkt. No. 22). On that same day, this Court issued an order accepting that bill of lading. (Dkt. No. 25).

12. Dalian's Counsel provided the undersigned with copies of the bills of lading Dalian interpleaded into Court.[5] Further, this Court issued an order allowing the undersigned to view the original bills of lading that were interpleaded by Dalian. (Dkt. No. 24). The undersigned counsel did view the original bills of lading in this Court's custody, and compared them to the copies received from Dalian's counsel. They are the same. However, as is relevant to this pleading, when Exhibit 1 attached is compared to Exhibit 2 attached, none of the bills of lading match. Some are completely different forms, and some are "clean on board" bills where the bills of lading Dalian provided to IMMCL were claused with remarks from the mate's receipts.[6] For this reason alone, because there are multiple sets of original bills of lading, and IMMCL does not know who possesses

---

[4] *See* Dkt. No. 16-2 at clause 69 on p. 14 of 28.

[5] *See* Ex. 2 attached.

[6] *Compare* Ex. 1 to Ex. 2. As is relevant here, original bills of lading DGIA1401IPTJ 12, 13, 14, 15, 32, 33, 38 and 39 are on a completely different form, with completely different terms and conditions on the back. Bills of lading DGIA1401IPTJ 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 27, 32, 33, 37, 38 and 53 are "clean on board," where the same bills in Ex. 1 are claused with comments from the mate's receipts. Lastly, bill 21 on Ex. 1 is split into four (4) separate bills on Ex. 2, and bill 24 on Ex. 1 is split into three (3) separate bills on Ex. 2.

them, or even has the right to possess them, IMMCL does not know the identity of rightful owner with superior legal title to the cargoes, so IMMCL does not know to whom it should deliver these cargoes.[7] Further, there are original bills of lading in the custody of this Court, so IMMCL cannot deliver cargoes upon presentation of an original bill of lading. These facts, and the potential for multiple Claimants to certain cargoes, support the filing of an Interpleader by IMMCL.

## IV.

## RULE 22 INTERPLEADER

13. IMMCL realleges and incorporates by reference all allegations contained in Paragraphs 1 - 12 above, as if fully alleged and stated herein in their entirety.

14. This is an action for Rule 22 Interpleader. Subject matter jurisdiction is predicated on 28 U.S.C. § 1332 and § 1333.

15. Upon information and belief, the Houston Cargo Interests arranged for and did in fact cause certain cargoes to be shipped from Tianjin, China to Houston, Texas, or otherwise purchased these cargoes from an entity or entities than made the ocean transportation arrangements. Further, as a result of the ocean transportation arrangements, multiple original bills of lading have been issued for these cargoes.[8]

16. Also upon information and belief, Dalian requested that its agent, Tianjin Sun Transport Shipping Agency Co. Ltd., issue multiple sets of original bills of lading bearing numbers

---

[7] IMMCL made an offer to the known cargo interests to deliver cargoes upon agreement to certain conditions, including the issuance a Letter of Indemnity against misdelivery. Two of the Houston cargo interests have agreed to terms with IMMCL, Olbert Metal Sales, Inc. and MC Tubulars, Inc./MG Maher and Company, Inc. Their cargoes are not part of this Interpleader.

[8] *Compare* Ex. 1 attached to Ex. 2.

DGIA1401IPTJ 12-25, 27, 29-39 and 53. Copies of the two different sets are attached as Exhibits 1 and 2.

17. IMMCL has no knowledge of the location of the original bills of lading that are identified by Exhibit 1 attached. Because there are multiple sets of bills of lading known to exist, there could be multiple parties claiming the right to these Houston bound cargoes, which would subject the owner to claims of misdelivery and/or improper delivery, conspiracy, conversion, theft, and other potential causes of action. Further, this Court is in possession of original bills of lading, so IMMCL cannot deliver cargo in exchange for presentation of these original bills of lading. IMMCL cannot determine who the rightful owners are of these original bills in the court's custody, since those entities do not have possession of the original bill or bills. Consequently, since IMMCL is unaware of the rightful owner of the bills of lading at issue, and the cargoes described in those bills of lading, it potentially could be liable for misdelivery of the cargoes, and other potential claims well in excess of $75,000.00.

18. In addition to the fuel being burned by the ship, and other related expenses to operate the ship, IMMCL is having to incur expenses in the form of port charges and discharge costs to bring these Houston bound cargoes into port and to get these cargoes unloaded from the ship, without receiving any money from any source for the use of the ship after August 27, 2014.[9] Further, there may be expenses incurred for storing the cargo at the Port of Houston or other storage facility after

---

[9] August 27, 2014 was the day of the last payment from Dalian to IMMCL. (Dkt. No. 16-3). In terms of the referenced port charges and discharge costs, Exhibit 3 attached contains a list of these expenses and a proposed *pro rata* distribution of these costs to the Houston Cargo interests based upon weight the cargoes coming to Houston. Olbert Metal Sales, Inc. and MC Tubulars, Inc./MG Maher and Company, Inc. have agreed to pay their *pro rata* share of these expenses by separate agreement. These expenses are set forth in the attached Appendix.

the free time expires.[10]  IMMCL asserts that any expenses incurred after the free time period should be paid by the rightful owners of the cargoes on a pro *rata* basis.

      19.    Under the provisions of Rule 22 of the Federal Rules of Civil Procedure, Plaintiff Inter Merchant Marine Co., Ltd. is entitled to join all parties asserting claims against or to the property in a single proceeding so that IMMCL may avoid duplicative litigation and possibly double or multiple liability on conflicting and adverse claims to the cargoes at issue.  Plaintiff, therefore, seeks to interplead the cargoes under bills of lading DGIA1401IPTJ 12, 13, 14, 15, 16, 17, 18, 19, 20, 21(A-D), 22, 23, 24 (A-C), 25, 27, 32, 33, 37, 38, 39 and 53 into Court, so that the Court can determine who has the superior legal right to the cargoes at issue.  Plaintiff asks that the Court discharge it from all liability to any Claimants regarding possession and transfer of the cargoes into this Court, and that the Court fairly adjudicate the Claimants' right to the cargoes.

      WHEREFORE, PREMISES CONSIDERED, Plaintiff IMMCL prays:

      a.    that each Claimant/Defendant be restrained from instituting any action against Plaintiff for the of its cargo or cargoes;

      b.     that each of the Claimants/Defendants be required to appear and settle between themselves their right in and to the cargoes at issue;

      c.    that Plaintiff recover from Claimants/Defendants the costs of the care and storage of the cargo, and the expenses Plaintiff has incurred by way of port charges and discharge costs, storage or preservation;

      d.    that Plaintiff recover its costs and attorneys fees incurred in the prosecution of this action;

---

[10]    A copy of the relevant Port of Houston tariff provisions is attached as Ex. 3.

e.  that the Court discharge Plaintiff from all liability to any Claimants regarding possession and transfer of the cargoes into this Court; and

f.  that Plaintiff have such other and further relief to which it may be entitled.

**V.**

**ORIGINAL COMPLAINT AGAINST CERTAIN CARGO INTERESTS**

For its Original Complaint against TPCO Enterprise, Inc., Minmetals, Inc., Ta Chen International, Inc., TeWoo USA, Inc., Kurt Orban Partners LLC and Scot Industries, Inc. (collectively "the Houston Cargo Interests"), Plaintiff IMMCL respectfully would show as follows:

20. IMMCL realleges and incorporates by reference all allegations contained in Paragraphs 1 - 19 above, as if fully alleged and stated herein in their entirety.

21. As a result of Dalian's material breach of the time charter with IMMCL, which was not caused or contributed to by the fault of IMMCL, IMMCL has been involuntarily forced by law to take over the voyage in question, and to care for and deliver to Houston the cargoes under the above referenced bills of lading. *See Cardinal Shipping Corp.*, 744 F.2d at 468. Further, IMMCL, on an involuntary basis, has been forced to burn fuel on its ship, which costs money, and to incur other related expenses to operate the ship, including crew costs, stores, and other related expenses. Additionally, IMMCL, on an involuntary basis, has been forced to incur expenses in the form of port charges and discharge costs to bring these Houston bound cargoes into port and get them unloaded from the ship,[11] without receiving any money from any source for the use of the ship after August

---

[11]  The estimated port charges and discharge costs are set forth in the attached Appendix.

27, 2014.[12] Further, there may be expenses incurred for storing the cargo at the Port of Houston or other storage facility after the free time expires.[13] IMMCL asserts that any expenses incurred after the free time period should be paid by the rightful owners of the cargoes on a pro *rata* basis.

22. IMMCL brings this action against the Houston Cargo Interests, jointly and severally, to recover the expenses it has had to incur on an involuntary basis for the direct benefit of the Houston Cargo Interests. These expenses are still being tallied, but they certainly exceed $75,000.00. IMMCL is entitled to reimbursement of some or all of these expenses under the doctrines of equitable subrogation, equitable contribution, unjust enrichment, restitution, and under the equitable principles stated in *Biehl & Co., Inc. v. Apollonia Holding, Inc.*, 693 F.Supp. 457 (E.D. La. 1988), and makes claim under all of these doctrines, and under each in the alternative.

## V.

## DAMAGES

23. As has been described above, IMMCL has been forced involuntarily to incur expenses in excess of $75,000.00. IMMCL seeks to recoup these involuntarily paid expenses from the Houston Cargo Interests, plus interest, costs and attorney's fees.

WHEREFORE, PREMISES CONSIDERED, Plaintiff IMMCL prays:

---

[12] August 27, 2014 was the day of the last payment from Dalian to IMMCL. (Dkt. No. 16-3). In terms of the referenced port charges and discharge costs, the attached Appendix contains a list of these expenses and a proposed *pro rata* distribution of these costs to the Houston Cargo interests based upon weight the cargoes coming to Houston. Olbert Metal Sales, Inc. and MC Tubulars, Inc./MG Maher and Company, Inc. have agreed to pay their *pro rata* share of these expenses by separate agreement.

[13] A copy of the relevant Port of Houston tariff provisions is attached as Ex. 3.

1. That process in due form of law according to the practice of this Court issue against the Defendants, citing them to appear and answer the foregoing matters complained of;

2. That IMMCL have judgment against Defendants, jointly and severally, in an amount to be shown at trial of this matter, plus pre-judgment interest, post-judgment interest, costs, and attorneys' fees;

3. That IMMCL have such other and further relief to which it may be entitled.

Respectfully submitted,

By: */s/ Richard L. Gorman*
Richard L. Gorman
State Bar No. 00784155
Fed. I.D. 15685
12335 Kingsride Lane #354
Houston, Texas 77024
Telephone: (832) 725-4026
Email: rg@richardgormanlaw.com
Attorney-in-Charge for Inter Merchant Marine Co. Ltd.

OF COUNSEL:

RICHARD GORMAN LAW

## **CERTIFICATE OF SERVICE**

  I certify that on the 20th day of October, 2014, a true and correct copy of this filing served on all counsel of record by notice of electronic filing.


                   */s/ Richard L. Gorman*
                   Of Richard Gorman Law


01842/Complaint.10-19-14