IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| OWL SHIPPING LLC, | § § | |
| Plaintiff, | § § | |
| v. | § § | |
| DALIAN SUNTIME INTERNATIONAL TRANSPORTATION CO., LTD. a/k/a DALIAN SUNTIME INT'L TRANSPORTATION CO. LTD. a/k/a DALIAN SUNTIME INTERNATIONAL TRANSPORTATION COMPANY, LTD. a/k/a DALIAN SUNTIME INTERNATIONAL TRANSPORTATION CO., LIMITED a/k/a DALIAN SUNTIME INTERNATIONAL TRANSPORTATION COMPANY, LIMITED, | § § § § § § § § § § § § § § | CIVIL ACTION NO. G-14-270 |
| Defendants. | § § | |

ORDER

Pending are Defendants TPCO Enterprises, Inc.'s Motion to Dismiss Interpleader (Document No. 43), Kurt Orban Partners LLC's Motion to Dismiss Interpleader (Document No. 44), and Minmetals, Inc.'s Motion to Dismiss (Document No. 52) Inter Merchant Marine Co. Ltd.'s Interpleader and Original Complaint Against Certain Cargo Interests (Document No. 26).[1] After having carefully

---

[1] All three motions pertain only to dismissal of Inter Merchant's proposed interpleader of cargoes offloaded from the M/V INTER PRIDE at the Port of Houston; the motions do not seek dismissal of Inter Merchant's Original Complaint for recovery of expenses incurred by Inter Merchant on an involuntary basis allegedly for the direct benefit of these and other Defendants.

considered the motions, response, replies, oral arguments, and applicable law, the Court concludes as follows.

Owl Shipping LLC ("Owl Shipping") initiated this action to obtain satisfaction of a debt owed to Owl Shipping by Defendant Dalian Suntime International Transportation Co. Limited ("Dalian"), by levying a maritime attachment and garnishment of bunkers, fuel, goods, and other tangible and intangible property of Defendant Dalian aboard the M/V INTER PRIDE, which Dalian had chartered. Inter Merchant Marine Company, Ltd. ("Inter Merchant"), the owner of the M/V INTER PRIDE, asserts that after Dalian stopped paying charter hire and other expenses, breaching the time charter, Inter Merchant took over the voyage on an involuntary basis. Onboard the M/V INTER PRIDE were Houston-bound cargoes, and at or about the time of the vessel's arrival at the Port of Houston, Inter Merchant filed its Interpleader and Original Complaint Against TPCO Enterprise, Inc. ("TPCO"), Minmetals, Inc. ("Minmetals"), Ta Chen International, Inc. ("Ta Chen"), TeWoo USA, Inc. ("TeWoo"), Kurt Orban Partners LLC ("Kurt Orban"), and Scot Industries, Inc. ("Scot"), who all claim to own cargo that was shipped on the M/V INTER PRIDE.[2] Inter Merchant tendered no monies or other financial arrangements to the Court to pay the costs that would be incurred for the care and storage of the cargo if the Court should accept

---

[2] Document No. 26 at 1.

custody, and the Court did not accept custody of the cargoes.[3] TPCO, Minmetals, and Kurt Orban (collectively, "Defendants") each move to dismiss this interpleader action.[4]

Defendant TPCO Enterprises, Inc. moves to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. In every case the Court first must consider whether it has subject matter jurisdiction, even if the question hinges on legal or factual determinations. See Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). The Fifth Circuit distinguishes between "facial" and "factual" attacks to subject matter jurisdiction. Paterson v. Weinberger, 644 F.2d 521, 523 (5th Cir. 1981); see also Irwin v. Veterans Admin., 874 F.2d 1092, 1096 (5th Cir. 1989). A facial attack consists of a Rule 12(b)(1) motion unaccompanied by supporting evidence, challenging the court's jurisdiction based solely on the pleadings. See Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990) (per curiam); Paterson, 644 F.2d at 523. On the other hand, a factual attack--as in this case--involves submission of evidence extrinsic to the complaint. Garcia v. Copenhaver, Bell & Assocs., M.D.'s P.A., 104 F.3d 1256, 1261 (11th Cir. 1997); Paterson, 644 F.2d at 523. In

---

[3] The cargoes evidently consist of seamless steel pipe in bulk, steel coils, and other such goods that would require third party commercial storage arrangements if the Court accepted custody.

[4] Document Nos. 43, 44, 52.

response to a factual attack, the "plaintiff is also required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction." Paterson, 644 F.2d at 523; see also Irwin, 874 F.2d at 1096. So long as the jurisdictional issue does not implicate the merits of the plaintiff's claims, no presumption of truth attaches to the allegations in the complaint, and the court has broad discretion to weigh the evidence and resolve any disputes of fact. See Garcia, 104 F.3d at 1261; Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981).

TPCO argues there is no case or controversy as to Inter Merchant's interpleader claim because Inter Merchant cannot demonstrate that there are multiple mutually exclusive claims to its cargo.[5] "For there to be a case or controversy, a federal court must, at a minimum, be presented with opposing parties representing adverse interests." Fin. Guar. Ins. Co. v. City of Fayetteville, Ark., 943 F.2d 925, 929 (8th Cir. 1991) (citations omitted). "As used in the Constitution, those words do not include every sort of dispute, but only those 'historically viewed as capable of resolution through the judicial process.'" Hollingsworth v. Perry, 133 S. Ct. 2652, 2659 (2013) (citing Flast v. Cohen, 88 S. Ct. 1942 (1968)). In the context of an inter-

---

[5] Document No. 43 at 5. TPCO advances the argument, but the subject matter jurisdictional analysis applies with respect to all Defendants named by Inter Merchant.

4

pleader action, establishing a "case or controversy" requires naming more than one claimant as a defendant because "[t]he controversy is essentially between the claimants." RSL Funding, LLC v. Saucier, No. CIV. 1:09CV300-HSO-JMR, 2010 WL 384529, at *3 (S.D. Miss. Jan. 27, 2010). Saucier held that there was not a case or controversy because only one defendant was named. Id. Here, Inter Merchant names six defendants and identifies separate bills of lading associated with each individual Defendant.[6] Each Defendant claims cargo and bills of lading distinct from every other Defendant.[7] Thus, Inter Merchant has not alleged the existence of any conflicting mutually exclusive adverse claims by any of the named Defendants as to any of the cargo identified on any of the bills of lading, and Defendants' submissions all affirm that they have no adverse claims against one another. Without a case or controversy between any of the named Defendants as to any particular cargo, the Court has no subject matter jurisdiction and

---

[6] Document No. 26 at 1. Inter Merchant's complaint states that bills of lading DGIA140IPTJ12, DGIA140IPTJ13, DGIA140IPTJ14, DGIA140IPTJ15, and DGIA140IPTJ39 along with their cargo are claimed by TPCO; bills of lading DGIA140IPTJ16, DGIA140IPTJ17, DGIA140IPTJ18, DGIA140IPTJ19, DGIA140IPTJ20, DGIA140IPTJ21, DGIA140IPTJ22, DGIA140IPTJ23, DGIA140IPTJ24, DGIA140IPTJ25, and DGIA140IPTJ27 along with their cargo are claimed by Minmetals; bill of lading DGIA140IPTJ38 along with its cargo is claimed by Kurt Orban; bill of lading DGIA140IPTJ37 along with its cargo is claimed by TeWoo; bills of lading DGIA140IPTJ32 and DGIA140IPTJ33 along with their cargo are claimed by Ta Chen; and bill of lading DGIA140IPTJ53 along with its cargo is claimed by Scot. Id.

[7] Document Nos. 43, 44, 52.

5

Inter Merchant's interpleader must therefore be dismissed for lack of subject matter jurisdiction.

Even if the Court had jurisdiction, however, Inter Merchant's interpleader action fails to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). While a complaint "does not need detailed factual allegations . . . [the] allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S. Ct. at 1964-65 (citations and internal footnote omitted).

A plaintiff may file an interpleader action if there are "[p]ersons with claims that may expose a plaintiff to double or multiple liability." FED. R. CIV. P. 22. "In an interpleader action, the burden is on the party seeking interpleader to demonstrate that he is entitled to it." Dunbar v. U.S., 502 F.2d 506, 511 (5th Cir. 1974). In the Fifth Circuit, "interpleader statutes and rules are 'liberally construed to protect the

stakeholder from the expense of defending twice, as well as to protect him from double liability.'" In re Bohart, 743 F.2d 313, 325 (5th Cir. 1984) (quoting New York Life Ins. Company v. Welch, 297 F.2d 787, 790 (D.C. Cir. 1961). Interpleader actions involve two stages:

> In the first stage, the district court decides whether the requirements for rule or statutory interpleader action have been met by determining if there is a single fund at issue and whether there are adverse claimants to that fund. If the district court finds that the interpleader action has been properly brought the district court will then make a determination of the respective rights of the claimants.

Rhoades v. Casey, 196 F.3d 592, 600 (5th Cir. 1999) (citations omitted).

Here, Inter Merchant alleges that it may be subject to "double or multiple liability on the conflicting and adverse claims to the cargoes at issue."[8] But Inter Merchant's pleading does not allege that it has received any conflicting or adverse claim whatever. Instead, it asserts that

> because there are multiple sets of original bills of lading, and [Inter Merchant] does not know who possesses them, or even has the right to possess them, [Inter Merchant] does not know the identity of rightful owner with superior legal title to the cargoes, so [Inter Merchant] does not know to whom it should deliver these cargoes.[9]

---

[8] Document No. 26 ¶ 19.

[9] Id. ¶ 12.

7

In Dunbar v. United States, the Fifth Circuit determined that there was no basis for interpleader where "the plaintiff has made a claim to the disputed fund that has been controverted only by doubts of the United States as to the authenticity of plaintiff's claim, doubts apparently innocent of any factual basis." 502 F.2d at 511. The court explained that

> the Government's contention that there may be some unnamed and unknown party or parties with a claim to the money is based upon little more than factual arrogance on the part of the United States. Not only has no party come forward with such a claim, but the FBI has failed to ferret out any potential claimants and sans such ferreting we are at a loss to adopt its position.

Id.

Inter Merchant's attempt to interplead the cargoes of the M/V INTER PRIDE is analogous to the Government's position in Dunbar. Inter Merchant claims that it "fears there will be other claimants to the cargoes under the original set of bills of lading . . . .,"[10] but Inter Merchant has not identified a single party that has come forward with bill(s) of lading in hand adversely to claim any of the cargoes in spite of the fact that the M/V INTER PRIDE arrived in the Port of Houston more than two months ago and began offloading the cargo on October 21, 2014.[11] Inter Merchant points out that Ta Chen and TeWoo, other cargo owners that Inter Merchant

---

[10] Document No. 57 at 11.

[11] Document No. 44 at 5.

8

named as Defendants in this case with respect to separate bills of lading issued to them and as to which there is no conflict, have not appeared in the law suit--suggesting that there may be other potential claimants despite the amount of time that has passed.[12] However, counsel for Inter Merchant represented to the Court during oral arguments on October 31, 2014 that Plaintiff was in contact with both of these parties and was in the process of working out a deal with TeWoo. Inter Merchant also points to Mediterranean Shipping Co. S.A. v. Lee, 2012 A.M.C. 1213 [LTD] (2d Cir. 2012) as precedent that its fear of potential adverse claims is legitimate.[13] In Mediterranean, a fake bill of lading was actually presented when a ship arrived in port before the cargo was offloaded and before the legitimate owner could claim the cargo. Id. at 1214. Here, in contrast, two months have passed since the M/V INTER PRIDE arrived in port and the cargo was offloaded, and Inter Merchant still has not identified any putative claimant with a competing bill of lading in conflict with any of Defendants' bills of lading that describes any of Defendants' cargoes.[14] Mediterranean seems rather to suggest that in commercial shipping such as this, a putative owner claiming the cargo under a bill of lading would already have done so. Inter Merchant has simply failed to "ferret out" any

---

[12] Document No. 57 at 12.

[13] Document No. 57 at 12.

[14] Document No. 44 at 4-5.

9

adverse claimant for the cargo. Inter Merchant has therefore failed to state a claim upon which relief can be granted and, even if the Court had jurisdiction, dismissal of the Interpleader would be required.

For the foregoing reasons, it is

ORDERED that Defendant TPCO Enterprises, Inc., Kurt Orban Partners LLC, and Minmetals, Inc.'s motions to dismiss Inter Merchant Marine Co. Ltd.'s Interpleader Complaint are GRANTED and Inter Merchant Marine Co.'s interpleader action is DISMISSED for lack of subject matter jurisdiction. Inter Merchant's claim for damages remains for adjudication.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, this 20TH day of November, 2014.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE